Filed 5/27/25  P. v. Eberly CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C101455 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F07832) |
| v. | |
| GARY EBERLY, | |
| Defendant and Appellant. | |

Defendant Gary Eberly appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appointed counsel filed a brief requesting our independent review under *People v. Delgadillo* (2022) 14 Cal.5th 216.  Separately, Eberly filed a supplemental brief asserting 15 claims of error.  With respect to the denial of his resentencing petition, Eberly's brief contends that the trial court failed to consider the entire record, engaged in improper fact finding, and violated his right to equal protection.  His brief also asserts numerous errors related to his 2016 trial, including claims of factual innocence, ineffective assistance of counsel, new evidence,

---

[1]  Undesignated statutory references are to the Penal Code.

1

instructional error, jury bias, prosecutorial misconduct, and the denial of his right to testify and other trial rights. Eberly's remaining claims assert procedural or jurisdictional issues, including Eleventh Amendment immunity, venue, and the trial court's jurisdiction. We conclude that the trial court correctly determined that Eberly was not eligible for relief under section 1172.6. His other claims either are not properly before us or lack merit. We therefore affirm.

## BACKGROUND

Eberly found his wife's body in their backyard shed with a plastic bag taped over her head. Tests revealed that his wife was likely sedated and then asphyxiated, and blood was found in the house. (*People v. Eberly* (Oct. 30, 2017, C081527) [nonpub. opn.].)

In 2016, a jury found Eberly guilty of the first degree murder of his wife. (§ 187, subd. (a).) The trial court sentenced him to 25 years to life in state prison.

In 2023, Eberly filed a form petition for resentencing under section 1172.6. After appointing counsel for Eberly and receiving briefs from both parties, the trial court issued a tentative order concluding that Eberly was "ineligible for relief as a matter of law because the trial court did not instruct the jury on a now-invalid theory of criminal liability." The court explained: "The record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines. Nor was the jury instructed on aiding and abetting." Eberly therefore "failed to demonstrate an articulable case for relief." At a hearing on the petition, the court adopted its tentative ruling as its final order.

Eberly filed a timely notice of appeal.

## DISCUSSION

Under *People v. Delgadillo*, *supra*, 14 Cal.5th at pages 231-232, when appointed counsel finds no arguable error and the defendant subsequently files a supplemental brief, an appellate court must evaluate the specific arguments presented in that brief and issue a

written opinion.  Eberly filed a supplemental brief.  We have reviewed his arguments and conclude no grounds exist for reversal of the order denying his petition.

I.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) "narrowed or eliminated certain forms of accomplice liability for murder," including "the use of the natural and probable consequences doctrine to obtain a murder conviction."  (*People v. Curiel* (2023) 15 Cal.5th 433, 440.)  The enactment amended " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' "  (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

Under section 1172.6, subdivision (a), and as relevant here, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . may file a petition" for recall and resentencing if certain conditions are met.  Those conditions are:  (1) the charging document allowed prosecutors to "proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime;" (2) the petitioner was convicted of murder; and (3) the petitioner could not now be convicted of murder due to the changes made to sections 188 and 189 in 2019.  (§ 1172.6, subd. (a)(1)-(3).)

A trial court's inquiry into whether a petitioner has stated a prima facie case is " 'limited.' "  (*People v. Patton* (2025) 17 Cal.5th 549, 562.)  The court takes the petitioner's " ' "factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' "  (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)  Trial courts may examine the record of conviction to determine whether a petitioning defendant has established a prima

3

facie entitlement to relief. (*Id.* at pp. 970-972.) But a trial court may "not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) We review de novo a trial court's decision to deny a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

Eberly contends that the trial court failed to consider the entire record and engaged in improper factfinding at the prima facie stage. We disagree because the information, jury instructions, and jury verdict conclusively negate the possibility that Eberly was convicted of murder under a now-invalid theory. (§ 1172.6, subd. (a).) The jury at Eberly's trial was not instructed on accomplice liability, the natural and probable consequences doctrine, or felony murder. Rather, the jury was instructed that, to convict Eberly of murder, the People had to prove that "1. The defendant committed an act that caused the death of another person; [¶] AND [¶] 2. When the defendant acted, he had a state of mind called malice aforethought." (See CALCRIM No. 520.) The trial court also instructed the jury on the requirements of first degree murder as requiring the People to prove that Eberly "acted willfully, deliberately and with premeditation. The defendant acted willfully if he intended to kill. The defendant acted deliberately if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The defendant acted with premeditation if he decided to kill before completing the act that caused death." (Italics omitted; see CALCRIM No. 521.) Based on this record of conviction, the jury found Eberly had the required intent to kill under a currently valid theory of murder, and the jury instructions presented no opportunity for the jury to convict him based on imputed malice. The instructions and the jury's conviction thus establish Eberly is ineligible for relief as a matter of law.

Eberly also maintains that, in denying his petition for resentencing, the trial court treated him differently than other defendants. Citing the equal protection guarantees of the state and federal constitutions, Eberly points to six other cases where he claims that courts have granted relief to other defendants. Eberly does not, however, explain why

any of those cases demonstrates a constitutional violation in this case. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793 [" '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration' "].)

## II.

Eberly's remaining claims also fail. His supplemental brief asserts a number of claimed trial errors, including that his attorney failed to provide him with adequate assistance at trial, there is new evidence of his innocence, the jury instructions were flawed, the jury engaged in misconduct and was biased against him because he is left-handed, the prosecution knowingly presented false testimony, and the trial court denied him the right to testify, among other trial rights. These arguments are not cognizable on appeal from the denial of a section 1172.6 petition. Section 1172.6 extends the benefit of the Legislature's revisions to state murder law to previously sentenced defendants. It does not permit defendants to seek relief based on other claims of trial error. (§ 1172.6, subd. (a); *People v. Farfan* (2021) 71 Cal.App.5th 942, 947; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

Eberly additionally contends that he is entitled to immunity under the Eleventh Amendment to the United States Constitution and that venue is improper. His brief, however, fails to provide legal authority to support these assertions, and we are aware of none. (See *People v. Stanley*, *supra*, 10 Cal.4th at p. 793 [court may treat argument as waived where brief lacks legal argument with citation of authorities]; *PennEast Pipeline Co., LLC v. New Jersey* (2021) 594 U.S. 482, 499 [discussing sovereign immunity enjoyed by states]; § 1172.6, subd. (b)(1) [resentencing petition "shall be filed with the court that sentenced the petitioner"].) Eberly also argues that the trial court erroneously ruled on 17 occasions that it lacked jurisdiction. But the trial court exercised jurisdiction to address the merits of Eberly's resentencing petition, and that is the only matter at issue in this appeal.

5

## DISPOSITION

The judgment is affirmed.

_/s/_____
FEINBERG, J.

We concur:

_/s/_____
EARL, P. J.

_/s/_____
MESIWALA, J.

6